IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> Plaintiff, ) <br> and ) <br> ) <br> JIMMIE FOX, ) <br> Plaintiff-Intervenor ) <br> v. ) <br> ) <br> HIGHLAND MANUFACTURING CO., ) <br> ) <br> Defendant. ) <br> _____) | Civil No. 02-898 (JEL/JGL) <br><br> **CONSENT DECREE** |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on April 29, 2002, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the EEOC alleges that Defendant, Highland Manufacturing Co., ("Defendant") discriminated against Jimmie Fox by subjecting him to a racially hostile work environment, and discharging him because he is black. Fox intervened in the lawsuit. The EEOC also alleges that Defendant subjected a class of women and a class of Hispanics to a hostile work environment because of their sex and national origin. Defendant denies that it discriminated against Fox and denies that it subjected class members to a hostile work environment because of their sex or national origin.

The EEOC, Defendant, and Fox (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

FILED       MAR 0 4 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

I. <u>Monetary Relief</u>

   A. <u>Settlement Amount</u>

Highland Manufacturing Co. will pay a lump sum in the amount of $135,000 to settle the claims of the EEOC alleged in the EEOC's Complaint and all of Fox's claims alleged in his Complaint of Intervention filed on December 2, 2002. The settlement amount shall be placed in an escrow account to be administered at the sole discretion of the EEOC. Highland shall select the escrow agent. Highland shall have no responsibility for the distribution of the settlement funds. As a condition of receiving monetary relief under this Consent Decree all individuals, including Fox, shall sign a release of claims in a form agreed to by the parties. The escrow agent must not distribute monies to any claimant prior to entry of the Consent Decree by the court, and payments must not be made to any person until after each person has executed a Class Member Release or the Release negotiated between Fox and Highland.

Copies of the checks shall be mailed simultaneously to the undersigned counsel for the EEOC. Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Fox or any of the Class Members may or may not incur on such payments under local, state and/or federal law.

   B. <u>Settlement Distribution</u>

The EEOC has sole discretion to distribute the settlement funds. The EEOC determined the amount of damages awarded to each individual. The amount each individual shall receive is as follows: Jimmy Fox - $65,000; Carrie Klingenberg - $15,000; Connie Vortherms - $15,000; Bobbi Pederson - $5,000; April Anderson - $5,000; Lezlee Benz - $2,500; Karen Baumgartner - $2,500; Tamara Harper - $2,500; Jose Euceda - $7,500; Jose Estrada - $7,500; Jorge "George"

Espinoza - $2,500; Jose Largos - $2,500; Juan Carlos Ayala - $2,500.

II.   Non-Monetary Terms

   A.   Compliance with Title VII

Defendant will not condone or tolerate acts of discrimination and/or harassment on the basis of race, sex or national origin. Defendant also will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any practice made unlawful employment practice by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

   B.   Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

   C.   Training

Defendant shall provide training, specifically on harassment on the basis of sex, race and national origin to all of its personnel, including supervisors, managers and administrators, and will continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination and harassment on the basis of race, sex and national origin and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace. This training will also instruct all employees on the policies and procedures of reporting, responding to and investigating claims of racial, sexual and national origin harassment.

Defendant hereby attests that in January 2002, it provided harassment training for its supervisors. Defendant will provide harassment training for all employees at its Worthington,

3

MN facility within ninety (90) days after this Consent Decree is entered by the Court. Defendant will also provide training on how to investigate harassment complaints to those persons specifically identified in its "Harassment Policy" as individuals who are responsible for receiving and investigating such complaints. Training for individuals responsible for receiving and investigating complaints will be provided within ninety (90) days after this Consent Decree is entered by the Court. Finally, Defendant will certify to the EEOC by letter from Highland's President Greg DeGroot that all training outlined in this paragraph occurred by providing the date the training took place; the location of the training; a copy of the training materials; and a copy of the list of all participants along with each individual's signature.

D.   Creation and Dissemination of Anti-Discrimination Policy

Defendant hereby certifies to the EEOC that it has an anti-discrimination and anti-harassment policy (the "Harassment Policy"). Such policy specifically outlines procedures for reporting and investigating complaints of race, sex and national origin discrimination and harassment, and includes the names of persons to whom such complaints should be made.

E.   Prohibition against Inappropriate Pictures, Graffiti and Calendars

Defendant shall actively monitor Highland's workplace for any inappropriate or offensive materials of a derogatory sexual or racial nature including pictures, graffiti, calendars, posters, written jokes or cartoons. If Defendant discovers any inappropriate materials, Defendant shall make a written report of such discovery to the Plant Manager. After reporting the offending materials, Defendant shall promptly remove and destroy such materials.

F.   Posting of Notice

Defendant shall post the notice attached as Exhibit A in its facility in a clear and

4

conspicuous location customarily used for the posting of employee notices. Defendant agrees to post this notice within five calendar days of approval of this Consent Decree by the Court, for ninety (90) consecutive calendar days.

G.   Removal of References to EEOC Charge/Lawsuit from Personnel File

Defendant shall remove from Fox's personnel file any record or indication that relates to his charge filed with the EEOC, the investigation, litigation, or resolution of the charge. Defendant shall also remove from the class members personnel files any record or indication that relates to the EEOC charge, the investigation, litigation, or resolution of the charge.

H.   Neutral Reference

When and if Defendant is contacted by a prospective employer of Fox for an employment reference, Defendant shall provide neutral reference information, consisting of dates of employment and positions held. Defendant shall also provide neutral reference information to prospective employers seeking an employment reference for the class members.

I.   Record-keeping and Reporting

For three years from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint made pursuant to Defendant's Harassment Policy alleging racial, sexual or national origin harassment. During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months after the entry of the Consent Decree by the Court. Defendant shall provide the EEOC with a report every six months thereafter throughout the term of this Decree. The reports shall include the following information for each complaint of racial, sexual or national origin harassment made pursuant to Defendant's Harassment Policy: the name, address, telephone number, and social security

5

number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about racial, sexual or national origin harassment pursuant to the procedure set forth in Highland's Harassment Policy; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint.

J.    Enforcement of Consent Decree

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Consent Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

K.    Certification to the EEOC

Within 10 calendar days following compliance with each of its obligations in paragraphs II(C), II(D) and II(F) of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

L.    No Other Agreements

This Consent Decree, the Settlement Agreement between Fox and Defendant (the "Settlement Agreement"), and the Fox Release constitute the sole agreements between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree

that no promises or inducements have been made except as set forth in this Consent Decree, the Settlement Agreement, and the Fox Release. The parties also agree that other than this Consent Decree, the Settlement Agreement, and the Fox Release, there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

M.     Enforcement of Terms of Consent Decree and Jurisdiction

The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of three calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Consent Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the three year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved.

N.     Mediation Statement

The parties acknowledge that they participated in a mediation that led to the settlement set forth in this Consent Decree. Pursuant to Minn. Stat. § 572.35, the parties acknowledge that they were, and hereby are again, advised in writing (1) that the mediator has no duty to protect their interests or to provide them with information about their legal rights, (2) that signing a mediated settlement agreement may adversely affect their legal rights, and (3) that they should consult an attorney before signing a mediated settlement agreement if they are uncertain of their rights. This Consent Decree is binding and enforceable.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

| | |
|---|---|
| _____<br>Jean P. Kamp<br>Regional Attorney | 2-25-03<br>Date |

| | |
|---|---|
| _____<br>Tina Burnside<br>Senior Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Minneapolis Area Office<br>330 S. Second Ave., Suite 430<br>Minneapolis, MN 55401<br>(612) 335-4047 | 2/24/03<br>Date |

*Attorneys for Plaintiff EEOC*

| | |
|---|---|
| _____<br>Celeste Culberth<br>Leslie Lienemann<br>CULBERTH, LIENEMANN AND STRATTON<br>1050 Piper Jaffray Plaza<br>444 Cedar Street<br>St. Paul, MN 55101 | 1/31/03<br>Date |

*Attorneys for Plaintiff-Intervenor Jimmie Fox*

8

_[signature]_  2/18/03
Mary E. Stumo                              Date
Holly M. Robbins
FAEGRE & BENSON
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402

*Attorneys for Defendant Highland Manufacturing Co.*

**ORDER**

SO ORDERED this 3rd of March, 2003.

_[signature]_
Hon. Joan Ericksen Lancaster
United States District Judge

# NOTICE

This Notice is posted pursuant to a Consent Decree resolving the case of <u>Equal Employment Opportunity Commission and Jimmie Fox v. Highland Manufacturing Company</u>, No. 02-898. In the lawsuit, the EEOC claimed that Highland discriminated against Jimmie Fox by subjecting him to a racially hostile work environment and firing him because he is black. The EEOC also claimed that Highland subjected its female employees and its Hispanic employees to a hostile work environment based on sex and national origin. Highland has denied the EEOC's claims.

The Consent Decree, agreed to by EEOC and Highland, and entered by the federal district court, provides:

- Highland will ensure that the workplace is free from discrimination based on race, sex or national origin.

- Highland will disseminate its anti-discrimination and anti-harassment policies to all of its employees emphasizing that discrimination and harassment, specifically on the bases of race, sex and national origin, is prohibited.

- Highland will provide training to its staff, including managers, supervisors and administrators in regard to its policies forbidding such discrimination, intimidation or retaliation and providing for disciplinary action against violators.

If you have any questions about the Consent Decree, you may contact EEOC. EEOC enforces Title VII of the Civil Rights Act of 1964 which prohibits job discrimination based on race, color, sex, national origin and religion, the Age Discrimination in Employment Act, which prohibits discrimination against persons over 40, the Equal Pay Act, and the Americans with Disabilities Act. The Minneapolis Area Office of the EEOC is located at 330 Second Avenue S., Suite 430, Minneapolis, Minnesota 55401. The office is open from 8:00 a.m. to 4:30 p.m., Monday through Friday, and has staff who speak Spanish. Persons interested in contacting the EEOC may do so by visiting, writing, or calling (612) 335-4040.

**Exhibit A**